# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACHEL RITTER, KELLY** | : | **Civil No. 4:13-CV-2123** |
| **RITTER and DAVID RITTER,** | : | |
| | : | **(Judge Brann)** |
| **Plaintiffs,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **CHRYSLER GROUP, LLC.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

This case, which comes before the Court for consideration of a motion to dismiss and a motion remand this action to the Court of Common Pleas of Lycoming County, invites us to answer the following question:

What is the most appropriate venue for litigation of auto breach of warranty claims against the entity which acquired assets of the bankrupt and now-defunct automaker, Chrysler, when these claims were initially filed in state court in Pennsylvania, were then later removed to federal court, but the ability of the parties to maintain their claims may be largely defined by orders entered in the Chrysler bankruptcy proceedings conducted in federal court in New York?

In this case, for the reasons set forth below, we recommend that the Court follow the path chosen by numerous other courts when confronted with this question,

and transfer this matter to the bankruptcy court in New York, since the plaintiff's ability to maintain this claim against Chrysler Group LLC at this time is largely a function of rulings made in these prior bankruptcy proceedings.  Therefore, we recommend that this case be transferred to the bankruptcy court for the Southern District of New York; the plaintiff's motion to remand or abstain be denied; and  the defendant's motion to dismiss also be denied without prejudice to renewal of this motion before the bankruptcy court.

## II.    <u>Statement of Facts and of the Case</u>

This case arises out of an automobile accident.  According to the plaintiffs' complaint which was filed in state court, (Doc. 1-3), the Ritters owned a 2006 Dodge Charger, an automobile which had previously been manufactured by the Chrysler Corporation.  At the time the Ritters bought this vehicle, it was subject to Chrysler's 6 year/60,000 platinum service warranty, a warranty that included the vehicle's airbags.  (<u>Id</u>.)  On February 17, 2011, Rachel Ritter was operating this vehicle with her daughter, Kelly, as a front seat passenger, when she became involved in a head-on accident.  (<u>Id</u>.)  The plaintiffs allege that the auto airbags failed to deploy, causing serious and lasting injuries to both Rachel and Kelly Ritter.  (<u>Id</u>.)  On the basis of these allegations, on July 12, 2013, Kelly, Rachel and David Ritter, Rachel's spouse, filed a three count complaint in the Court of Common Pleas of Luzerne County,

2

alleging breach of warranty claims and a related loss of consortium claim.  (Id.)

The complaint named Chrysler Group LLC as the sole defendant.  As Chrysler Group explained in its notice of removal, Chrysler Group LLC was the successor in interest to the actual manufacturer of the vehicle, Chrysler.  The defendant stated that Chrysler Group LLC was a newly formed and independent entity which had acquired the assets of the former Chrysler, as a debtor in bankruptcy through a Master Transaction Agreement.  (Doc. 1.)  According to Chrysler Group LLC, that Master Transaction Agreement, which had been approved by the bankruptcy court in the Southern District of New York, contained provisions which directly related to the ability of plaintiffs like the Ritters to maintain warranty claims against the newly formed Chrysler Group LLC arising out of matters relating to the performance of automobiles manufactured by the now bankrupt Chrysler Corporation.  (Id.) Because the rights of the parties in this lawsuit were largely controlled by the terms of the Master Transaction Agreement approved by the bankruptcy court in New York, Chrysler Group LLC asserted that this action was a civil proceeding arising under or arising in Title 11 of the United States Code, the United States Bankruptcy Code. Chrysler Group LLC further alleged that this Court had original jurisdiction over the state action under 28 U.S.C. § 1334 and that the state lawsuit was, therefore, subject to removal under 28 U.S.C. § 1452.  (Id.)

3

Chrysler Group LLC filed this notice of removal on August 16, 2013.  (Doc. 1.)  Following this filing, Chrysler Group LLC moved to dismiss the complaint, citing both to the bankruptcy proceedings in New York and to other alleged deficiencies in the Ritters' complaint.  (Doc. 3.)  The Ritters, in turn, moved to remand the case to state court, or in the alternative stay federal proceedings pending the completion of the state case.  (Doc. 7)  Both of these motions have been fully briefed by the parties, (Docs. 3, 7, 8, 11, and 12), and are ripe for resolution.  Furthermore, at the request of defense counsel, (Doc. 13), we have conducted oral argument in this matter, an oral argument which has further informed our recommendations in this case.

### III.   <u>Discussion</u>

This case invites us to make judgments regarding the proper forum for adjudication of auto warranty claims made against the successor of a defunct automaker that is in bankruptcy in New York, arising out of an accident which occurred in Pennsylvania.  In weighing this issue, we do not write upon a blank slate. Quite the contrary, the bankruptcy of Chrysler, which was formerly one of America's automotive giants, has caused many courts to consider the path to follow in resolving claims of this type.  It is, therefore, recommended that we follow the well-worn path defined by these prior cases.

That path begins with the recognition that: "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. Title 28, United States Code, Section 1334, in turn, provides that: "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11[of the United States Code, the bankruptcy code]" 28 U.S.C. § 1334 (b).

With respect to the term "arising under title 11, or arising in or related to cases under title 11," as it is used in 28 U.S.C. §1334, a " 'proceeding is considered to be "related to" a bankruptcy case for purposes of establishing jurisdiction if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. " ' Lichtenfels v. Electro–Motive Diesel, Inc., No. 09–1590, 2010 WL 653859, at *2 (W.D.Pa. Feb.22, 2010) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir.1984), overruled on other grounds, Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995))." Clark v. Chrysler Grp., LLC, CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010).

Applying these broad benchmarks, courts have frequently held that Chrysler warranty claims brought against the successor to that car maker, Chrysler Group LLC, are "related to" the Chrysler bankruptcy proceedings brought under Title 11 of the United States Code.   Therefore, these proceedings fall within the scope of federal jurisdiction, as defined by 28 U.S.C. §1334, and are properly removed to federal court under 28 U.S.C. §1452.  See, e.g., Clark v. Chrysler Grp., LLC, CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010); Atlas v. Chrysler, LLC, CIV.A. 3:09CV294DPJJ, 2009 WL 4782101 (S.D. Miss. Dec. 8, 2009);  see also, Martin v. Chrysler Grp., LLC, 6:12-CV-00060, 2013 WL 5308245 (W.D. Va. Sept. 20, 2013)(non-warranty claim).  Accordingly, Chrysler Group LLC has properly removed this action to federal court and the Ritters' motion to remand should be denied.

Finding that this matter is properly removed, we must next turn to the question of whether we should abstain from adjudicating this matter, and permit the state case to proceed forward, as the plaintiffs urge us to do in their motion to remand or abstain.  While Section 1334(b) authorizes removal of this action to federal court, §1334(c) also permits us to abstain from adjudicating these claims in certain instances.  Thus,  "when a district court has jurisdiction pursuant to § 1334(b), it is required to abstain from hearing a non-core proceeding based solely on a state law claim or a state law cause of action, where such claim can be timely adjudicated in

state court.  28 U.S.C. § 1334(c)(2); <u>Lichtenfels</u>, 2010 WL 653859, at *3.  A district court also is permitted to abstain from hearing a core proceeding 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'  28 U.S.C. § 1334(c)(1)."  <u>Clark v. Chrysler Grp., LLC</u>, CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010).

 In past Chrysler warranty litigation, courts have often been invited to abstain. Yet, these requests, while frequently made, are rarely embraced by the courts, which have consistently recognized three important considerations:  First, these warranty claims involve "core proceedings" in bankruptcy, and are, therefore, not subject to mandatory abstention.   Second, the permissive abstention provided for under §1334(c) for cases that relate to bankruptcy "core proceedings" rest in the sound discretion of the court.  Third, in the exercise of this discretion in Chrysler warranty lawsuits, courts have consistently favored an approach which recognizes the importance of consistent treatment of claims across the nation that may be affected by the Chrysler bankruptcy, and have declined to abstain from asserting federal jurisdiction and permitting piecemeal litigation of those claims in state courts.  <u>Id</u>.

 This same concern for uniform treatment of claims brought by parties whose warranty rights may be subject to the Master Transaction Agreement approved by the bankruptcy court in New York has informed the third step in the path commonly

taken in this litigation: transfer of these cases to the Southern District of New York. Such transfers are specifically authorized by 28 U.S.C. §1412, which provide that: "A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Courts that have construed this transfer provision in the context of Chrysler warranty claims and other related litigation have consistently found that an assessment of the interests of justice calls for uniform and consistent treatment of these claims by the bankruptcy court, the court with jurisdiction over these bankruptcy proceedings, which is uniquely well-poised to determine whether any particular claim has any continuing viability in light of the Master Transaction Agreement approved in that district. See, e.g., Martin v. Chrysler Grp., LLC, 6:12-CV-00060, 2013 WL 5308245 (W.D. Va. Sept. 20, 2013); Miller v. Chrysler Grp., LLC, CIV.A. 12-760 MAS, 2012 WL 6093836 (D.N.J. Dec. 7, 2012); Quesenberry v. Chrysler Grp. LLC, CIV. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012); Tatum v. Chrysler Grp., LLC, CIV.A. 10-4269 ES, 2011 WL 6303290 (D.N.J. Dec. 16, 2011); Perno v. Chrysler Grp., LLC, CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011); Clark v. Chrysler Grp., LLC, CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010); Atlas v. Chrysler, LLC, CIV.A. 3:09CV294DPJJ,

2009 WL 4782101 (S.D. Miss. Dec. 8, 2009).[1]

At oral argument, counsel for all parties conceded that this familiar path is one which is legally available to the Court in the instant case.  Indeed, plaintiff's counsel identified it as the preferred path for adjudication of this particular case.  (Doc. 14)  For its part, Chrysler Group LLC acknowledged that this path is permitted by law but instead invited us to dismiss this case, challenging both the sufficiency of the Ritters' complaint, and urging the Court to consider factual matters beyond the pleadings themselves when examining the legal sufficiency of this pleading.

The Court should decline this invitation.  A motion to dismiss serves a specific purpose and tests the legal sufficiency of a complaint.  Thus, Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to

---

[1] Of course, in the final analysis should the bankruptcy court in the Southern District of New York conclude that this case entails one of those unusual claims which may survive the Chrysler bankruptcy and still remain viable with respect to Chrysler Group LLC, it may then transfer the matter back to this district for further proceedings.  See Perno v. Chrysler Grp., LLC, CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011).

plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed:  "The Supreme Court in <u>Twombly</u> set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in <u>Iqbal</u>.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.'  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'  <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'  <u>Id</u>.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' "  <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220-21 (3d Cir. 2011) <u>cert. denied,</u> 132 S. Ct. 1861 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  <u>Sands v. McCormick,</u> 502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose

contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002); <u>see also</u>, <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.").  However, the court may not rely on other parts of the record in determining a motion to dismiss. <u>Jordan v. Fox, Rothschild, O'Brien &Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

Here, we believe that the plaintiff's complaint, which alleges that this vehicle was purchased by the Ritters subject to a platinum warranty issued by Chrysler, which included an airbag warranty relating to the airbags that later failed in an accident, sufficiently states a breach of warranty claim under a "plausibility standard [that] requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' " <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220-21 (3d Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).  We also note that the defendant's motion to dismiss invites us to consider matters outside the pleadings, something we are cautioned to refrain from doing at this stage of the proceedings. <u>Jordan v. Fox, Rothschild, O'Brien &Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, we observe that, in light of our judgment that the transfer of this matter to the Southern District of New York serves the interests of justice, we should in the first instance defer these questions to the court that is uniquely equipped to address them, the Southern District of New York.  Whether the Ritters can prove what they have alleged must, therefore, await another day, and another proceeding, in another court, the Southern District of New York, the court which is overseeing the Chrysler bankruptcy.

### IV.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED as follows:

1.   The defendant's motion to dismiss (Doc.3) should be DENIED, without prejudice to renewal of the motion following the transfer of this case.

2.   The plaintiff's motion to remand, or in the alternative to stay proceedings, (Doc. 7) should be DENIED.

3.   Pursuant to 28 U.,S.C. §1412, this case should be transferred to the United States District Court for the Southern District of New York, consistent with the practice of courts throughout the United States in other, similar cases.  See, e.g., <u>Martin v. Chrysler Grp., LLC</u>, 6:12-CV-00060, 2013 WL 5308245 (W.D. Va. Sept. 20, 2013); <u>Miller v. Chrysler Grp., LLC</u>, CIV.A. 12-760 MAS, 2012 WL 6093836 (D.N.J. Dec. 7,

13

2012); Quesenberry v. Chrysler Grp. LLC, CIV. 12-48-ART, 2012 WL 3109431 (E.D. Ky. July 31, 2012); Tatum v. Chrysler Grp., LLC, CIV.A. 10-4269 ES, 2011 WL 6303290 (D.N.J. Dec. 16, 2011); Perno v. Chrysler Grp., LLC, CIV.A. 10-5100 WJM, 2011 WL 868899 (D.N.J. Mar. 10, 2011); Clark v. Chrysler Grp., LLC, CIV.A.10-3030, 2010 WL 4486927 (E.D. Pa. Nov. 5, 2010); Atlas v. Chrysler, LLC, CIV.A. 3:09CV294DPJJ, 2009 WL 4782101 (S.D. Miss. Dec. 8, 2009).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

14

Submitted this 28th day of October 2013.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge